UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| FRANK RALPH LaPENA, | 2:00-cv-00960-PMP-RJJ |
| Petitioner, | |
| vs. | **ORDER** |
| GEORGE GRIGAS, | |
| Respondent. | |

Before the Court for consideration is Petitioner, Frank Ralph LaPena's Motion to Recuse (Doc. #132) filed September 18, 2012. LaPena's Motion is straightforward. Essentially, he asserts that because the undersigned was employed as a Deputy Public Defender for Clark County, Nevada, from September 1973 through October 1975, the undersigned must have had knowledge that the Office of the Public Defender was, sometime in 1974, representing an individual named Gerald Weakland, who was a witness adverse to Petitioner LaPena at that time.

Although Petitioner LaPena has his facts right as to the undersigned's employment, and may also be correct that the Office of Clark County Public Defender represented and individual named Gerald Weakland while the undersigned was so employed, Petitioner LaPena has his conclusions all wrong. The undersigned never represented Gerald Weakland, and to the Court's recollection was never aware of Gerald Weakland or his participation as a witness against Petitioner LaPena in 1974. Additionally, the undersigned was unaware of Petitioner

LaPena in 1974 and has no idea who represented him at that time.  Therefore, this Court finds no basis to recuse as no conflict of interest exists, and any appearance of conflict is so remote and  attenuated as to extinguish the merit of Petitioner LaPena's recusal argument.

As a further grounds supporting recusal, Petitioner LaPena expresses his "belief" that the undersigned "was, and is, friends with United States Magistrate Judge Lawrence Leavitt, who prosecuted Petitioner's co-defendant Rosalie Maxwell in August 1976 and lost. According to LaPena, this puts into question the Court's ethical duty to recuse from this high profile case on grounds of bias, prejudice, impartiality, and conflict of interest."

The undersigned  acknowledges that he has been friends with retired Magistrate Judge Lawrence Leavitt for approximately 40 years.  Indeed, Judge Leavitt succeeded the undersigned as United States Magistrate Judge when the undersigned was elevated to the United States District Court in 1987.  Such a friendly relationship with a colleague, absent more, certainly provides no basis for recusal.  The undersigned was not aware in 1976 of Judge Leavitt's involvement as a Clark County Deputy District Attorney in the prosecution of Petitioner's co-defendant Rosalie Maxwell. Moreover, while Petitioner LaPena understandably views his case as "high profile," the undersigned suggests Petitioner LaPena's assessment is overly subjective.  The undersigned Judge was not aware of Petitioner LaPena's case in 1976, and even if the undersigned had, at some point, read a newspaper article or been otherwise aware of his prosecution at that time, such awareness would provide no basis for recusal.

**IT IS THEREFORE ORDERED** that Petitioner LaPena's Motion to Recuse (Doc. #132) is **DENIED**.

DATED: September 29, 2012.

PHILIP M. PRO
United States District Judge