# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

FRANK RALPH LAPENA,

    *Petitioner*,

vs.

GEORGE GRIGAS, *et al.*,

    *Respondents*.

2:00-cv-00960-PMP-RJJ

ORDER

This closed habeas matter under 28 U.S.C. § 2254 comes before the Court on Petitioner's second Motion to Reopen (#127) the case.

### *Background*

On October 18, 2005, the Court of Appeals dismissed an interlocutory appeal by Petitioner for lack of appellate jurisdiction. On March 22, 2006, the copy of this Court's Order on Mandate that was sent to Petitioner was returned as undeliverable because Petitioner no longer was in custody at the last address that the record reflected had been provided by Petitioner to this Court. On April 5, 2006, this Court accordingly entered an Order and Judgment dismissing this action without prejudice for failure to comply with Local Rule LSR 2-2. The Local Rule requires the Petitioner to immediately file with the Court written notification of any change of address and states that "[f]ailure to comply with this rule may result in dismissal of the action . . . ."

More than one year later, on June 12, 2007, Petitioner filed a motion (#125) to reopen. Petitioner sought to reopen the matter "due to Petitioner's very serious inadvertent

failure/mistake to provide this Honorable Court with his change of address." Petitioner attested in support of the motion that he had been released from prison on February 8, 2005 on parole; that he sent a change of address to the Court of Appeals on February 14, 2005; that he erroneously believed that he also had provided a change of address to this Court; and that he did not realize that he "had made such a serious mistake in failing to do so" until June 12, 2007, when he visited the Clerk of the Court to determine the status of the matter.

On August 7, 2007, the Court denied the motion to reopen. The Court denied the motion for two reasons. First, the motion for relief under Rule 60(b)(1) of the Federal Rules of Civil Procedure was untimely under Rule 60(c) because it was not filed within a year after entry of judgment. Second, the Court found that Petitioner in any event had not demonstrated such mistake, inadvertence, surprise, or excusable neglect as would warrant relief under Rule 60(b)(1). See #126.

Nearly five years later, on June 1, 2012, Petitioner filed the present Motion to Reopen. He attached what appears to be a conformed copy of a change of address notice file-stamped by the Clerk on February 14, 2005. Petitioner asserts that he found the conformed copy after throwing away many of his legal files. The original conformed copy, file-stamped in blue ink and checked "filed" in red ink, is attached with the hard copy of the Motion in the imaging "day file."

In a supplemental response directed by the Court, Respondents' counsel asserts that counsel's litigation file includes a service copy of a February 14, 2005, notice of change of address directed to the district court. The service copy, which does not include a file-stamp by the Clerk, is attached with the response. Following review, Respondents do not question the genuineness of Petitioner's file-stamped conformed copy or that Petitioner presented the Clerk with the document as per the file stamp. See #130, at 2, lines 5-7 & 19-20; at 3, lines 24-27; and at 4, lines 3-5 & 18-19.

***Discussion***

A clerical error in failing to enter a filing into the record is a matter addressed under paragraph (a) of Rule 60 rather than paragraph (b) of the rule. This distinction is critical

-2-

because, *inter alia*, a court may correct a clerical error under Rule 60(a) "whenever one is found." *See,e.g., United States v. Mosbrucker*, 340 F.3d 664, 666 (8th Cir. 2003) (correcting error raised five years after judgment pursuant to Rule 60(a)). If the Clerk does not enter a document into the record and the Court enters a judgment of dismissal based upon the document not being of record, the affected party may obtain relief from the judgment under Rule 60(a). *See,e.g., Matter of American Precision Vibrator Co.*, 863 F.2d 428, 430-31 (5th Cir. 1989) (party entitled to relief from judgment of dismissal that resulted directly from clerical mistake in not entering party's filing in the record, citing related prior cases); *see also In re Wiersma*, 483 F.3d 933, 939 (9th Cir. 2007) ("Clerical errors involve 'administrative lapses.'"). Here, it appears to be uncontested that Petitioner submitted a timely notice of change of address to the Clerk and obtained a file-stamped conformed copy of the submission but the Clerk inadvertently failed to enter the filing into the record. Petitioner accordingly is entitled to relief from the judgment of dismissal entered based upon there being no timely notice of a change of address in the record.

Respondents cite Petitioner's delay and inconsistent positions over time regarding whether a timely notice of change of address was submitted to the Court. Such concerns, however, are more pertinent to a request for post-judgment relief governed by paragraph (b) rather than paragraph (a) of Rule 60. Respondents posit that it is incredible that Petitioner was not aware of his February 14, 2005, filing with the Clerk. However, it is not inconceivable that an incarcerated pro se litigant could tender a document for filing and then assume that he had not done so when presented at a later time with the prospect of an official suit record that did not contain the document.

In exercising its discretion, the Court finds that the balance of the equities as to reopening the matter tips in Petitioner's favor. The public's interest in reasonably prompt disposition of collateral challenges to presumptively valid state criminal judgments is not being served by reopening this matter years after the fact. However, given current exhaustion, timeliness, and successive-petition rules, a petitioner generally has only one effective opportunity to challenge a state criminal judgment on federal habeas review. In the present

case, it appears uncontested that Petitioner ultimately lost the ability to pursue that one opportunity due to a clerical error by the Clerk in failing to enter Petitioner's timely notice of change of address into the record. The Court accordingly will grant the Motion to Reopen (#127).

In reviewing the file, it appears that the matter is postured for submission on the merits on the Answer (#40) and Traverse (#57) already on file. The Court will reach and resolve the merits issues as promptly as its habeas docket allows.[1] No further filings are required from the parties prior to the Court's review of and decision on the merits.

IT THEREFORE IS ORDERED that petitioner's Motion to Reopen (#127) is GRANTED consistent with the remaining provisions herein.

IT FURTHER IS ORDERED that the Clerk of the Court shall CORRECT the record to enter a notice of change of address filed on February 14, 2005, and corresponding to Exhibit "1" to #127,[2] but with the docket entry for the filing prominently reflecting that the corrected docket entry is made pursuant to this Order on its specified entry date in 2013.

---

[1] Petitioner suggests in the Motion that if the Court had looked at the record, the Court would have seen that the Clerk had sent mailings to the wrong address, such that he has been denied review for seven years through no fault of his own. Petitioner glosses over the fact that the notice of change of address in fact was not in the record when the Court was looking at the record in 2006 and 2007. If Petitioner instead had presented his file-stamped conformed copy promptly in 2006 or 2007, he could have secured the relief then that he is receiving now. Clerk's Office personnel are not infallible, which is why litigants obtain, preserve, and *promptly present* file-stamped conformed copies in the rare instances when an issue such as this arises. Approximately seven years of delay resulted because Petitioner first failed to adequately monitor the case following the remand and then failed to promptly present the file-stamped conformed copy upon being apprised that the notice had not been entered in the record.

Petitioner points to Respondents' counsel's failure to state what had happened based upon his file -- which does not contain a file-stamped copy of the particular notice in question. Petitioner would have counsel piece together a potential scenario well after the fact, however, that Petitioner himself did not recall despite being the individual who tendered the notice to the Clerk for filing. Petitioner is the only individual who had a file-stamped conformed copy of the filing, and he did not present the copy as a basis for relief for several years running, instead arguing a factual position that was inconsistent with such a file-stamped copy existing.

While the Clerk's clerical error is regrettable, the Court finds the delay in the ensuing years resulted from Petitioner not promptly presenting the file-stamped conformed copy so that the error could be rectified more promptly.

[2] As noted herein, an original of the file-stamped conformed copy can be found attached with the hard copy of the motion in the "day file" for June 1, 2012.

IT FURTHER IS ORDERED that the April 5, 2006, Order (#121) and Judgment (#122) of dismissal herein hereby are VACATED pursuant to Rule 60(a) as having been entered based upon a clerical error, that this matter is REOPENED as of the date of entry of this Order, and that the matter thereupon is resubmitted on the merits.

For administrative purposes, the Clerk further shall randomly generate a new Magistrate Judge assignment for the case, following upon the recent retirement of Judge Johnston. As per established practice, all matters in this habeas case will be submitted to the presiding District Judge.

DATED: January 15, 2013

_____
PHILIP M. PRO
United States District Judge