UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

FRANK RALPH LaPENA,

    Petitioner,　　　　　　　　　　　　　　2:00-cv-0960-RFB-NJK

vs.

**ORDER**

GEORGE GRIGAS, *et al.*,

    Respondents.

_____

    The petitioner, Frank Ralph LaPena, initiated this federal habeas corpus action by submitting a petition for writ of habeas corpus for filing on August 3, 2000. *See* Petition for Writ of Habeas Corpus, ECF No. 7. Respondents filed their answer on November 14, 2001 (ECF No. 40), and LaPena filed his reply (entitled "Petitioner's Partial Response in Opposition to Respondents Answer that Petitioner's Habeas Grounds Two-Three; Five-Six & Seven Are Unexhausted") on December 13, 2001 (ECF No. 57).

    On July 24, 2002, the court dismissed the action on the ground that it was barred by the statute of limitations (ECF Nos. 60, 67, 68). LaPena appealed, and, on October 20, 2003, the Ninth Circuit Court of Appeals reversed and remanded, upon the State's concession that the district court had not considered the tolling effect, under 28 U.S.C. § 2244(d)(2), of all of LaPena's state court post-conviction litigation (ECF No. 77).

Following the remand, on March 15, 2004, LaPena filed a motion to supplement his habeas petition (ECF Nos. 84, 85), which was denied. LaPena appealed from the denial of that motion, and that appeal was dismissed on October 18, 2005 (ECF No. 117).

On April 5, 2006, after mail sent to LaPena had twice been returned to the court as undeliverable, the court dismissed this action for failure to comply with the local rule requiring litigants to promptly inform the court of any changes of their address (ECF Nos. 121, 122).

On June 12, 2007, LaPena filed a notice of change of address and a motion to reopen this case (ECF Nos. 124, 125). That motion to reopen the case was denied on August 7, 2007 (ECF No. 126).

On June 1, 2012, LaPena filed another motion to reopen this case (ECF No. 127). In support of that motion, LaPena submitted a copy of a file-stamped notice of change of address dated February 14, 2005; LaPena asserted that he found that conformed copy of his notice of change of address after throwing away many of his legal files. It then appeared to the court likely that a clerk's error resulted in the failure to properly file LaPena's notice of change of address, and, in turn, in the dismissal of this case. Therefore, on January 15, 2013, the court granted LaPena's second motion to reopen the case (ECF No. 134).

On May 12, 2014, the court issued an order (ECF No. 136), identifying three claims -- Grounds 5, 6, and 7 -- in LaPena's petition that are unexhausted in state court, and the court ordered LaPena to make an election regarding those unexhausted claims. On May 15, 2014, LaPena filed a notice of abandonment of his unexhausted claims (ECF No. 137).

That leaves Grounds 1, 2, 3, 4, 8, 9, and 10, of LaPena's habeas petition, apparently to be adjudicated on their merits.

The briefing of LaPena's claims was completed in 2001, and, then, resolution of this case was delayed as a result of the events outlined above. The court will, therefore, grant the parties an opportunity to supplement their briefing to take account of any relevant changes in the law over the past 13 years.

1 **IT IS THEREFORE ORDERED** that respondents shall have 60 days, from the date of entry
2 of this order, to file a "Supplemental Answer." Petitioner shall then have 60 days, following the service
3 of the Supplemental Answer, to file a "Supplemental Reply." Neither the Supplemental Answer nor the
4 Supplemental Reply shall exceed 30 pages in length.

5 Dated this  29th  day of July, 2014.

_____
UNITED STATES DISTRICT JUDGE